**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROBERT V. FROST,**

> **Plaintiff,**

> **v.**

**ROBIN MURPHY,** *et al.*,

> **Defendants.**

**Case Number 2:25-cv-1103
Judge Edmund A. Sargus, Jr.
Magistrate Judge Stephanie K. Bowman**

## <u>ORDER</u>

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge on January 29, 2026. (ECF No. 11.) Also before the Court are Plaintiff Robert V. Frost's Motion for a Jury Demand (ECF No. 8) and Motion to Stay All Proceedings for (60) Sixty Days (ECF No. 9).

Mr. Frost is a state prisoner who was formerly incarcerated at London Correctional Institution ("LoCI"). (ECF No. 11, PageID 221.) Mr. Frost, proceeding *pro se* and *in forma pauperis*, brings claims under 42 U.S.C. § 1983 against Robin Murphy, Health Care Administrator at LoCI; Kristi Gapen, Quality Improvement Coordinator at LoCI; Karen Stanford, Assistant Chief Inspector with Ohio Department of Rehabilitation and Corrections ("ODRC"); Dr. Andrew D. Eddy, Chief Medical Officer with ODRC; Mergitu Hubena and Patrick Olabode, both Certified Nurse Practitioners at LoCI; ODRC; The Ohio State University (OSU) Medical Department; and Unnamed Doe with OSU Medical Department. (*Id.*) Mr. Frost alleges that Defendants' actions caused his approved eye surgery to never happen, leading to his partial blindness. (*Id.* PageID 224.)

The Magistrate Judge conducted an initial screen of Mr. Frost's complaint per 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B) and determined that Mr. Frost's "Eighth Amendment deliberate indifference and Ohio state-law medical malpractice claims against Defendants Murphy, Stanford, Gapen, Dr. Eddy, Hubena, Olabode, and Unnamed OSU Doe may proceed for further development in an abundance of caution." (*Id.* PageID 228.) Additionally, the Magistrate Judge recommends that Mr. Frost's other claims be dismissed for failure to state a claim upon which relief may be granted. (*Id.*)

After a Magistrate Judge issues a report and recommendation, any party may object within 14 days by serving and filing written objections to the Magistrate Judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). Failure to object results in waiver of the right to a *de novo* review of the Report and Recommendation by the district court. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Mr. Frost was advised of his right to object to the Order and Report and Recommendation and the consequences of failing to do so. (ECF No. 11, PageID 236.) Mr. Frost did not object to the Order and Report and Recommendation.

Accordingly, the Court **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation. (ECF No. 11.) Plaintiff's First Amendment right-to-file-grievances claim against Defendant Murphy is **DISMISSED**. Plaintiff's claims against Ohio state agencies ODRC and OSU Medical Department are **DISMISSED**. Plaintiff's official capacity claims for monetary damages, medical malpractice and negligence claims under § 1983, Fourteenth Amendment Due Process claims, and dereliction of duty claims are **DISMISSED**. The Clerk is **DIRECTED** to terminate Defendants Ohio Department of Rehabilitation and Corrections and OSU Medical Department on the Court's docket. Plaintiff's Eighth Amendment deliberate indifference and

Ohio state-law medical malpractice claims against Defendants Murphy, Stanford, Gapen, Dr. Eddy, Hubena, Olabode, and Unnamed OSU Doe remain.

Additionally, Mr. Frost moved to amend his complaint to add a jury demand. (ECF No. 8.) He states that he intended to ask for a jury trial but inadvertently failed to check the appropriate box on the civil cover sheet. (*Id.*) According to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Because service of process has not occurred in this case, Mr. Frost may amend his complaint. Accordingly, Mr. Frost's Motion for a Jury Demand (ECF No. 8) is **GRANTED**. The Clerk is **DIRECTED** to update the docket to indicate the jury demand.

Mr. Frost also filed a Motion to Stay All Proceedings for (60) Sixty Days on December 9, 2025. (ECF No. 9.) Since more than 60 days have passed since Mr. Frost filed the Motion, the Motion Stay All Proceedings for (60) Sixty Days (ECF No. 9) is **DENIED as moot**.

Pursuant to 28 U.S.C. § 1915(a)(3), this Court **CERTIFIES** that any appeal of this Order would not be taken in good faith, and Plaintiff is therefore denied leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).

This case remains open.

**IT IS SO ORDERED.**

| | |
|---|---|
| **4/6/2026** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |

3